IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GOJO INDUSTRIES, INC.** | ) | |
| One GOJO Plaza, Suite 500 | ) | |
| Akron, Ohio  44311 | ) | |
| PLAINTIFF | ) | CASE NO.: _____ |
| | ) | |
| v. | ) | JUDGE: _____ |
| | ) | |
| **SALES & PRODUCT SOLUTIONS, INC.** | ) | |
| **d/b/a SNAPRODUCTS** | ) | |
| 3180 MacArthur Boulevard | ) | |
| Northbrook, Illinois  60062 | ) | |
| | ) | |
| DEFENDANT | ) | |

## COMPLAINT

Now comes plaintiff, GOJO Industries, Inc. ("GOJO"), and for its Complaint against

Sales & Product Solutions, Inc. d/b/a Snaproducts ("Sales & Product Solutions") alleges as

follows:

## PARTIES

1.      GOJO is a corporation organized and existing under the laws of the State of Ohio, having

a principal place of business at One GOJO Plaza, Suite 500, Akron, Ohio 44311.

2.      Upon information and belief, Sales & Product Solutions is a corporation organized and

existing under the laws of the State of Illinois, doing business as Snaproducts, and having a

principal place of business at 3180 MacArthur Boulevard, Northbrook, Illinois 60062.

3.      Upon information and belief, the agent and service of process address for Sales &

Product Solutions is Katherine MacDonald, 3180 MacArthur Boulevard, Northbrook, Illinois

60062.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, specifically the Patent Act of 1952, 35 U.S.C. §1 *et. seq.*  Subject matter jurisdiction is founded under 28 U.S.C. §1331, § 1338(a) and 35 U.S.C. §281.

5.      This Court has personal jurisdiction over Sales & Product Solutions because Sales & Product Solutions has transacted business within this district and, upon information and belief, has caused tortious injury to GOJO by the acts complained of herein within this district.

6.      Venue is proper in this district pursuant to 28 U.S.C. §1400(b) because Sales & Product Solutions has committed acts of infringement and has a regular and established place of business in this district.  In addition, venue is proper in this district pursuant to 28 U.S.C. §1400(b) because Sales & Product Solutions resides within the Northern District of Ohio as residence is defined in 28 U.S.C. §1391(c).

## PATENT INFRINGEMENT

7.      U.S. Patent No. D487,660, entitled "Bottle Carrier" ("the '660 patent"), duly and legally issued on March 23, 2004, to Richard C. Sayers, Richard A. Holmes, and Melissa Ann Pitts, who assigned it to Joseph S. Kanfer.  Joseph S. Kanfer now is and at all times since the issue thereof has been the sole owner of the '660 patent.  Joseph S. Kanfer has licensed said patent to GOJO exclusively with rights of enforcement.  A true and accurate copy of the '660 patent is attached hereto as **EXHIBIT A**.

8.      Without the consent of GOJO and in disregard of its rights, Sales & Product Solutions has made, used, sold, and/or offered to sell within this district and elsewhere within the United States, and/or imported into the United States, bottle carriers that embody the ornamental design from the bottle carrier as shown and described in the '660 patent ("Accused Products").  One

such Accused Product is pictured in **EXHIBITS B and C** attached hereto and incorporated herein by reference.

9.      Without the consent of GOJO and in disregard of its rights, Sales & Product Solutions has induced others to make, use, sell or offer to sell the Accused Products within this district and elsewhere within the United States.

10.      By its conduct as alleged above, Sales & Product Solutions has infringed the '660 patent in violation of 35 U.S.C. §271(a).

11.      By its conduct as alleged above, Sales & Product Solutions has actively induced others to infringe the '660 patent in violation of 35 U.S.C. §271(b).

12.      By the conduct of Sales & Product Solutions as alleged above, GOJO has been damaged.

13.      GOJO is without adequate remedy as to the unlawful acts of Sales & Product Solutions unless the continuance of the infringement is enjoined by this Court.

14.      Upon information and belief, Sales & Product Solutions had actual notice of the existence of the '660 patent at the time of engaging infringing activity.

15.      Upon information and belief, the conduct of Sales & Product Solutions as alleged above, has been willful, intentional, and in conscious disregard of GOJO's rights.

### PRAYER FOR RELIEF

Wherefore, GOJO prays for judgment against Sales & Product Solutions as follows:

A.      That Sales & Product Solutions be adjudged to have infringed the '660 patent;

B.      That Sales & Product Solutions be adjudged to have actively induced others to infringe the '660 patent;

C.      That Sales & Product Solutions and those controlled by Sales & Product Solutions be preliminarily and permanently enjoined against further infringement of the '660 patent;

D.      That an accounting for profits and damages be ordered, or that GOJO be awarded such compensatory damages in an amount adequate to compensate GOJO for the infringement, but in no event less than a reasonably royalty;

E.      That GOJO be awarded treble damages pursuant to 35 U.S.C. §284;

F.      That in view of the deliberate and intentional acts of Sales & Product Solutions, the case be declared exceptional and GOJO be awarded reasonable attorney fees pursuant to 353usc285;

G.      That GOJO have and recover the costs of this action; and

H.      That GOJO be awarded such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

A trial by jury of the maximum number of jurors allowed by law is hereby demanded.


Respectfully submitted,

**GOJO Industries, Inc.**

By: /s/Ray L. Weber
Ray L. Weber              (0006497)
Laura J. Gentilcore       (0034702)
Mark L. Weber             (0072078)
RENNER, KENNER, GREIVE, BOBAK,
        TAYLOR & WEBER
106 South Main Street, Suite 400
Akron, Ohio 44308
Telephone:  (330) 376-1242
Email: rlweber@rennerkenner.com
Email: ljgentilcore@rennerkenner.com
Email: mlweber@rennerkenner.com

*Attorneys for Plaintiff GOJO Industries, Inc.*